UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERICKSON ANTHONY VARGAS,

    Plaintiff,

v.                                               Case No:   6:13-cv-1683-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

    Pending before the Court is Plaintiff's Petition for Attorney's Fees (Doc 27).   On January 26, 2015 the Court entered an Order reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 25).   The following day, the Clerk entered judgment (Doc. 26).

    Plaintiff filed this application on February 28.   He requests an award of $6,019.39 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).   Under the EAJA, a party is eligible for an attorney fee award where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).   Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this action was filed was

less than $2 million (Doc. 27 at 1-2). The Commissioner does not dispute any of these contentions.

But, the Commissioner does object to the amount of the fee award. She argues that Plaintiff is requesting fees for 1.1 hours of clerical work which is not compensable under the EAJA. Specifically, the Commissioner objects to the following time entries:[1]

| Date | Attorney | Activity | Hours |
| --- | --- | --- | --- |
| 9/10/2013 | Fay | Contacted administrative attorney re: merits of appeal | 0.3 |
| 9/18/2013 | Fay | Conference with Mr. Vargas to discuss federal court appeal and filing fee/IFP | 0.2 |
| 11/11/2013 | Culbertson | Notice of Pendency | 0.1 |
| 11/26/2013 | Culbertson | Reviewed proofs of service | 0.1 |
| 1/3/2014 | Fay | Consented to Commissioner's Motion for Extension | 0.1 |
| 1/8/2014 | Culbertson | Reviewed Scheduling Order | 0.1 |
| 2/16/2015 | Culbertson | Letter to administrative attorney re: processing remand | 0.2 |

The EAJA, like most fee-shifting statutes, only allows a prevailing plaintiff to recover a reasonable fee. To determine a reasonable fee, courts multiply the number of hours reasonably expended on the case by a reasonable hourly rate for each timekeeper. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The EAJA establishes the hourly rate as $125 plus cost of living adjustments. Those adjustments brought the 2013 rate to $187 per hour and the 2014 rate to $190.06 per hour. See 28 U.S.C. § 2412(d)(2)(A)(ii); Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992); (Doc. 27 at 10-11).

In determining the hours reasonably spent on the case, courts look to the market for guidance. Cf. Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 584-85 (2008)

---

[1] I note that the 1.1 hours disputed by the parties is less than the 1.2 hours Mr. Culbertson spent litigating the issue–an entry to which the Commissioner does not object (see Doc. 27-1).

- 2 -

(emphasizing that the appropriate metric for billing for paralegal services is the "practice in the relevant market"); Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 287 n. 9 (suggesting that secretarial time may be billed if doing so is "prevailing practice in the local community").  Attorneys may only "bill" their adversaries for the same hours they would ordinary bill a private client.  Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  In determining a reasonable fee, the court may rely on its own expertise, judicially noticed facts, and the evidence presented by the parties. Norman, 836 F.2d at 1304.

     Many courts have held that hours spend on "clerical" or "secretarial" tasks are not compensable, since, like rent and utilities, they are part of a law firm's overhead and are not billed to the client on an itemized basis.  See, e.g., Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000); Wilkett v. Interstate Commerce Commission, 844 F.2d 867, 875 n. 6 (D.C. Cir. 1988); but see Jenkins, 491 U.S. at 288 n. 10 (explaining that "purely clerical or secretarial tasks should not be billed *at a paralegal rate*" (emphasis added)). But, the distinction between compensable work and clerical tasks is not always well defined.  See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 852 (3d Cir. 1994). And the two district court cases the Commissioner cites do not make the picture any clearer.  Both Kim v. Barro, No. 1:08-cv-3688-TWT, 2009 WL 1616271, at *4 (N.D. Ga. June 9, 2009), and Ward v. Astrue, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012), suggest that only work requiring "'the full exercise of an attorney's education and judgment'" is compensable *at any rate* (and presumably everything else is "clerical" and uncompensable), Id. at *3 (quoting Norman, 836 F.2d at 1306).  But if this is the test then I know from my own experience that it is inconsistent the market practice.

- 3 -

Several of the disputed entries pass the restrictive "full exercise of education and judgment" test with flying colors. Discussing the merits of particular positions with an attorney who previously represented the client requires knowledge of the law. So does communicating with the same lawyer about how the case will be handled on remand. Communicating with the client is an ethical responsibility, and the client may have questions that non-lawyers lack the experience and judgment to answer. Quade ex rel. Quade v. Barnhart, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008).

Other of the claimed time entries are for less intellectually demanding work that attorneys are still expected to do including reviewing the return of service to insure that the defendant was properly served. Because the Court imposes a personal duty on attorneys to initiate Local Rule 3.01(g) conferences and to promptly respond to requests for such conferences, I cannot in good conscience dismiss counsel's compliance with Local Rule 3.01(g) as a "clerical task." Similarly, the Court expects the attorneys practicing before it to read its orders, including scheduling orders. In fact, at least one district judge in this division has been known to require parties in track-two civil cases to file notices of acknowledgement confirming that they have read the scheduling order and are familiar with its contents. Finally, it is reasonable for counsel to review, if only briefly, the Notice of Pendency of Related Cases before submitting it to the Court. Counsel's action was also reasonable because his submission of the notice to the court carried with it a certification that it was not being presented for an improper purpose and that the factual assertions in the notice were proper and were formed after a reasonable inquiry. FED. R. CIV. P. 11(b).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel. (Doc. 27-3). In light of the assignment, Plaintiff requests that payment should be made

payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's motion be **GRANTED** and that Plaintiff be awarded attorney fees in the amount of $6,019.39 to be paid to his lawyer if the Commissioner determines that Plaintiff does not owe a debt to the government.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record